[Civ. No. 5296. Third Appellate District.—March 23, 1935.]

GEORGE JESSEN, Appellant, v. ANGELUS FURNITURE & MANUFACTURING COMPANY (a Corporation) et al., Respondents.

Ray W. Hays and Elbert Hensley for Appellant.

C. Ray Robinson and Young & Young for Respondents.

THOMPSON, J.—The defendants have moved to dismiss the appeal or affirm the judgment which was rendered against the plaintiff and cross-defendant upon an answer and cross-complaint for damages resulting from an automobile collision. The motion is made pursuant to Rule V, section 3, of the Rules for the Supreme Court and of the District Courts of Appeal on the ground that the appeal was taken for delay only and that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The only grounds for reversal of the judgment assigned by the appellant in his opening brief are that the judgment is not supported by the evidence, and that as a matter of law it appears from the record that the plaintiff was not guilty of negligence which proximately contributed to the accident and upon the contrary that the defendants were guilty of contributory negligence.

The appeal is without substantial merit. Upon both points relied upon by the appellant the evidence is conflicting, and according to the well-established rule in that regard it becomes imperative for this court to affirm the judgment. While it is true that there is a conflict of evidence there is substantial proof that on a dark night W. N. Warner, the agent of plaintiff, was driving a truck and trailer loaded with raisins northerly along the public highway in the vicinity of Delhi; that the load of the trailer was covered with a gray canvas which helped to obscure a clear view of the vehicle; that the driver of the plaintiff's truck and trailer stopped his machine with the impression that he had sustained a punctured tire; that he parked his truck and trailer contrary to the provisions of section 136 of the California Vehicle Act, with the rear end of the trailer overlapping the paved and improved main-traveled portion of the highway, when there was ample room to have driven out upon the shoulder of the roadway, and that the rear end of the trailer was not then equipped with a lighted tail lamp. Ray Stark, who was driving a Mack truck belonging to the defendant and cross-complainant Angelus Furniture & Manufacturing Company in the same direction along the Golden State highway at a rate of speed of

about thirty miles an hour, testified that he failed to observe the plaintiff's parked vehicles on account of the darkness of the night, because the trailer was covered with a dark gray canvas and for the reason that the trailer had no lighted tail lamp. The Mack truck collided with the rear end of the trailer belonging to plaintiff, thereby causing the damages to the cross-defendant's machine for the compensation of which the judgment was rendered.

The cause was tried by the court sitting without a jury. Findings were adopted by the court favorable to the defendants and cross-complainant on every material issue. A judgment for damages in the sum of $1787 was accordingly rendered in favor of the cross-complainant. The appellant's argument regarding the weight and sufficiency of the evidence is unavailing in view of the uniform rule on appeal when the evidence is conflicting. The findings and judgment are adequately supported by the evidence. We are unable to hold as a matter of law either that the plaintiff was free from negligence or that the defendants and cross-complainant were guilty of contributory negligence. Upon the contrary we must assume from the record that there is sufficient evidence to affirmatively prove that the collision occurred as a result of the negligence of the plaintiff's agent. Further argument upon these questions would be useless.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1935.